## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

Carolyn J. O'Leary,
individually and on behalf of all other
similarly situated individuals,                    Case No.

        Plaintiff,

v.

Humana Insurance Company and
Humana Inc.,

        Defendants.                              **JURY TRIAL DEMANDED**

---

## COMPLAINT

Plaintiff Carolyn J. O'Leary ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, Miner, Barnhill & Galland, bring this action against Humana Insurance Company and Humana Inc. (collectively "Humana" or "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, maintain an office in De Pere, Wisconsin, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3.      Defendant Humana Inc. is a Delaware corporation with its corporate headquarters located in Louisville, Kentucky.

4.      Defendant Humana Insurance Company is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin, and is a subsidiary of Humana Inc.

5.      Humana is one of the nation's largest publicly-traded health and supplemental benefits companies, providing health insurance benefits under health maintenance (HMO), Private Fee-For-Service (PFFS), and preferred provider organization (PPO) plans.

6.      Defendants operate office locations in multiple locations around the country, including in De Pere, Wisconsin.

7.      According to its 2016 annual report, as of December 31, 2016, Humana had approximately 14.2 million members in its medical benefit plans and had approximately 51,600 employees.

8.      Defendants operate in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, and supplemental insurance benefit products to customers and consumers in multiple states across the country, including Wisconsin and Kentucky. Upon information and belief, Defendants' gross annual sales made or business done have been in excess of $500,000 at all relevant times.

9.      At all relevant times, Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.     Plaintiff Carolyn J. O'Leary is an adult resident of the State of Wisconsin. Plaintiff was employed by Defendants as a clinical nurse advisor from approximately January 1990 to the present.

11.     Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendants as clinical nurse advisors, or other job titles performing similar duties (*e.g.* clinical advisor, clinical reviewer, clinical claims review nurse), across the country during the applicable statutory period.

12.     Plaintiff and others similarly situated have been employed by Defendants within two to three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

13.     At all times relevant herein, Defendants operated a willful scheme to deprive their clinical nurse advisors and others similarly situated of overtime compensation.

14.     The individuals similarly situated to Plaintiff worked in Humana call centers in Green Bay, Wisconsin; Louisville, Kentucky; San Antonio, Texas; and New Orleans, Louisiana, and other locations, and/or worked out of hospitals and their own homes across the country.

15.     Plaintiff and the similarly situated individuals worked as clinical nurse advisors or other job titles performing similar duties for Defendants. As clinical nurse advisors, their primary job duty was non-exempt work.

16.     Plaintiff's primary job duty was collecting and reviewing medical information against guidelines to check whether the requested insurance benefit was approved under the member's health insurance plan.

17.     The primary job duty of clinical nurse advisors was collecting and reviewing medical information against guidelines to check whether the requested insurance benefit was approved under the member's health insurance plan.

18.     Plaintiff and the similarly situated individuals were paid a salary with no overtime pay.

3

19.     Defendants suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

20.     Defendants have been aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation. For instance, Defendants set production goals and quotas and required Plaintiff and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities and to meet or exceed their production quotas.

21.     Plaintiff's supervisors knew that Plaintiff and those similarly situated were working more than forty (40) hours per week because Defendants required them to work overtime hours to meet production and expectations and because, among other things, Defendants' computer and phone records reflected that Plaintiff and those similarly situated worked overtime hours.

22.     Upon information and belief, although they had a legal obligation to do so, Defendants did not make, keep, or preserve accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff, on behalf of herself and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

24.     Plaintiff files this action on behalf of herself and all similarly situated individuals. The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as clinical nurse advisors who primarily performed utilization management functions (or other job titles performing similar duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

4

25.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

26.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

27.     Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.,* as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

28.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

## CAUSE OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

### (on behalf of Plaintiff and the similarly situated individuals)

30.     Plaintiff, on behalf of herself and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

5

31.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

32.     Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

33.     Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

34.     Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

35.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

36.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.      Judgment against Defendants in the amount of Plaintiff's and the similarly situated individuals' unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

C.      Appropriate civil penalties;

D.      A finding that Defendants' violations of the FLSA were willful;

E.      All costs and attorneys' fees incurred prosecuting this claim;

F.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

G.      Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.      All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself, and all similarly situated individuals, demands a trial by jury.

DATED this 20th day of December, 2017.

s/ Elizabeth J. Eberle
Elizabeth J. Eberle, WI State Bar #1037016
MINER, BARNHILL & GALLAND, P.C.
44 E. Mifflin St., Suite 803
Madison, WI 53703

7

(608) 255-5200 (Telephone)
(608) 255-5380 (Facsimile)
beberle@lawmbg.com
**Attorneys for Plaintiff and the Similarly**
**Situated**