UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROLYN J. O'LEARY,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                           Case No. 17-C-1774

HUMANA INSURANCE COMPANY et al.,

        Defendants.

## ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY

On February 26, 2019, Plaintiffs filed a motion to compel discovery. After considering the motion, Defendants' opposition, Plaintiffs' reply, and Defendants' sur-reply, and after a hearing on the motion on April 8, 2019, the Court orders as follows:

1. Within ten (10) days of this order, Defendants shall verify under oath their answers to Plaintiffs' Interrogatory No. 1.

2. Within ten (10) days of this order, Defendants shall certify that their response to Plaintiffs' Document Request No. 1 is complete, subject to their duty to supplement under Federal Rule of Civil Procedure 26(e).

3. Within twenty (20) days of this order, Defendants shall produce to Plaintiffs a complete list of transcripts of depositions taken in *Schroeder v. Humana Inc.*, Case No. 12–C–0137 (E.D. Wis.) (excluding depositions of the *Schroeder* class members) and documents produced by Humana in *Schroeder* (excluding documents specific to individual *Schroeder* class members, such as payroll documents, signed acknowledgments, evaluations, and emails specific to individual class members).

Thereafter, the parties will meet and confer and attempt to agree on the relevance, if any, of the deposition transcripts and documents on the list.

4. Within twenty (20) days of this order, Defendants shall produce to Plaintiffs a complete list of any and all documents (including, but not limited to, policy statements, internal memoranda, correspondence, and emails) relating or referring to Humana's decision to reclassify Utilization Management Nurses. Thereafter, the parties will meet and confer and attempt to agree on the relevance, if any, of the documents on the list. Defendants may not exclude from the list responsive documents that reveal information about other job roles that were reclassified.

5. Plaintiffs may submit evidence to the court to challenge the validity of Defendants' position that answering Plaintiffs' Interrogatory No. 2 and collecting additional data from Humana's systems responsive to Plaintiffs' Document Requests Nos. 6–8, including Macess, CCP, CRM, and Array data, would create a severe burden on Defendants both in terms of time and monetary expense and that there is a substantial risk that Defendants' efforts to extract usable data would be unsuccessful.

In consideration of the foregoing, the court terminates Plaintiffs' motion to compel (Dkt. No. 69) and grants Defendants' motion for leave to file a sur-reply (Dkt. No. 79). In the event that a dispute remains after the parties meet and confer, Plaintiffs shall notify the court and further proceedings will be scheduled.

**SO ORDERED** this __16th__ day of April, 2019.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court