UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROLYN J. O'LEARY, individually and
on behalf of all others similarly situated,

        Plaintiff,

        v.                              Case No. 17-C-1774

HUMANA INSURANCE COMPANY, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Carolyn J. O'Leary, individually and on behalf of all others similarly situated, commenced this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), against Defendants Humana Insurance Company and Humana Inc. (collectively, Humana) on December 20, 2017. Before the court are Humana's request for relief (Dkt. No. 157) and Plaintiffs' motion for sanctions (Dkt. No. 165). For the following reasons, Humana's request for relief will be granted and Plaintiffs' motion for sanctions will be partially granted as provided herein.

## BACKGROUND

Plaintiff O'Leary alleges that Humana operated a willful scheme to deprive its clinical nurse advisors and other similarly-situated employees of overtime compensation. This was accomplished, according to the complaint, by improperly classifying these employees as exempt under the FLSA and paying them a straight salary with no overtime, as opposed to hourly wages with overtime paid at the rate of one-and-a-half times the regular hourly rate. As a result of the alleged misclassification, O'Leary claims that she and other similarly-situated employees were required to work more than forty hours per week without overtime pay.

Humana has since reclassified the clinical nurse advisors and similar employees as nonexempt and now pays them hourly wages and overtime. Humana contends that the change in classification was for business reasons, however, and not because Humana believed it was in violation of the FLSA. Nevertheless, the parties stipulated in June 2018 to conditionally certify a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), and an agreed-upon notice was sent out to persons who, in the three years prior to the commencement of the action, had worked for Humana in the roles of Clinical Intake, Clinical Claims Review, Acute Case Managers, or Market Clinical – Senior Products utilization management nurses and had been classified as exempt. Since that time, the parties have repeatedly clashed over discovery, resulting in a series of motions to compel and other discovery-related motions and culminating in the present motion for sanctions.

The discovery dispute centers on the question of damages. Because the Plaintiff employees were salaried, accurate records of their time at work were not maintained. Plaintiffs have sought to determine the time they spent at work through the computer systems they used to perform their duties and record their activities. Different systems were utilized by Humana at different times for different employees, and Plaintiffs' efforts to obtain the data needed to establish their time at work has resulted in some of the discovery disputes.

Another area of dispute is over Humana's policy and practice of paying the Plaintiff employees for additional work. Humana contends that it had an understanding with its clinical nurse advisors and similarly-situated employees that the salary they were paid was intended as full compensation for all of the hours worked, whether that number exceeded forty or not. If true, then in the event the employees are ultimately found to have been improperly classified as exempt, their unpaid overtime would be calculated by dividing their weekly salary by the total hours they worked

2

in that week, and adding 0.5 of that amount for each hour over the regular forty-hour workweek for which they were entitled to overtime. If, on the other hand, the salary was intended to compensate the employees for only forty hours a week or less, the salary is divided by the hours of work the salary was intended to cover to determine the employee's regular pay, and any hours worked in excess of a forty-hour workweek would be paid at a rate of one-and-a-half times the regular rate. 29 C.F.R. § 778.114; *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 679–80 (7th Cir. 2010). Plaintiffs contend that the salaries they were paid were intended to cover only forty hours, and they are thus entitled to the higher damage calculation. The issue is significant, representing as much as 70% of the damages Plaintiffs seek.

The court has held several hearings, by telephone and in person, in an attempt to resolve the discovery issues. Before the motion for sanctions was filed, the court conducted a hearing on August 14, 2019 (the August 2019 hearing), to discuss some of these ongoing discovery issues. Following the hearing, the court entered an order on September 10, 2019 (the Discovery Order) regarding Plaintiffs' renewed and second motions to compel discovery. Dkt. No. 154. In this order, the court directed Humana to produce several categories of documents that had been requested by Plaintiffs. With respect to three document requests—Requests for Production Nos. 17(c), 36, and 37—the court allowed Humana thirty (30) days to present evidence that a response to these requests would be burdensome. *Id.* at 3. Humana filed such a request, claiming that the court's Discovery Order imposed a severe burden on Humana and requesting relief (Request for Relief) from the discovery production the court had directed. Dkt. No. 157. Specifically, Humana requested complete relief from paragraphs 3(c) and 4 of the Discovery Order, explaining that literal compliance was not possible or proportionate to the litigation matter. Humana also requested additional time from the court to comply with paragraphs 3(a) and 3(b) of the Discovery Order.

3

Plaintiffs opposed these requests and subsequently filed a motion seeking sanctions against Humana for its repeated discovery violations (Dkt. No. 165). Plaintiffs assert that Humana made repeated false statements about material facts regarding extra compensation paid to class members (Collective Members) of Plaintiffs' lawsuit and concerning policies about extra compensation maintained by Humana. Dkt. No. 166 at 3. These statements, as noted above, are significant because they pertain to facts that could materially impact damage calculations (up to 70% of the damages, according to Plaintiffs interpretation of the controlling case law). *See id*. at 5. Plaintiffs argue that Humana failed to meet the court's stated burdensome standard by not explaining how the Discovery Order placed Humana in an "unusual circumstance" relative to other companies. *Id.* To sanction Humana for its conduct, Plaintiffs asked that the court:

1. Take as established for purposes of the action that all payments and offers of payments of extra compensation to Collective Members were made for performing work at particular times or for particular lengths of time and not for being on an on-call status.

2. Prohibit Humana from supporting or opposing any issue related to "extra compensation" through testimony or sworn statements, given that Humana's witnesses have been proven to be unreliable on this issue. Any evidence Humana wants to offer on this issue must come from documents created in the regular course of business.

3. Deny Humana's Request for Relief, Dkt. No. 157, given that Humana's falsification of the facts surrounding extra compensation makes it vitally important that Plaintiffs receive documents for every Collective Member.

4. Award Plaintiffs payment of the reasonable expenses, including attorney's fees, caused by Humana's misconduct.

Dkt. No. 165. Plaintiffs believe these sanctions are consistent with the court's warning to Humana's counsel at the August 2019 hearing:

> [A]s Ms. Eberle says, it's hard to believe that supervisors are simply writing—authorizing extra payment without any written policy anywhere in Humana that authorizes it. You say no such policies authorize it. I guess that's where we are. But, if it turns out that it's different, your client will be sanctioned.

4

Dkt. No. 167-1 at 9–10.  Humana denies any sanctionable conduct on its part, but offers as an alternative that the court enter four stipulations it proposes to address each of Plaintiffs' suggested sanctions:

1. All payments of extra compensation made to Plaintiffs identified in Supplemental Response to Interrogatory No. 5 coded as "bonus pay," "on call payments," "on call pay," and "weekend" were made to Collective Members for "performing work at particular times or for particular lengths of time."  All unaccepted offers of extra compensation made to Collective Members were made to ask Plaintiffs to perform "work at particular times or for particular lengths of time" and not for Plaintiffs to be "on an on-call status."

2. Humana will not use testimony or sworn statements to support or oppose arguments regarding (i) the reasons for any additional compensation identified in Supplemental Response to Interrogatory No. 5, (ii) the voluntary or mandatory nature of participation in any extra compensation identified in Supplemental Response to Interrogatory No. 5, and (iii) the hours that may or may not have been required to work to participate in any extra compensation identified in Supplemental Response to Interrogatory No. 5.  To determine if unaccepted offers of extra compensation were made to Plaintiffs, Defendants will issue one agreed upon interrogatory which will ask (i) if a plaintiff ever received an offer of extra compensation for "performing work at particular times or for particular lengths of time," (ii) approximately how many such offers were made, and (iii) were such offers made before, after, or both before and after 12/20/14.  Humana will not use testimony or sworn statements to oppose Plaintiffs' [sic] verified answers to this interrogatory.

3. Plaintiffs withdraw their opposition to the request for relief and withdraw their motion for sanctions.  Plaintiffs agree to seek no further discovery—including ESI—from Humana on any topic except for the hours Plaintiffs worked.  This stipulation in no way undermines or alters Plaintiffs outstanding motions for ESI data pertaining to hours worked which are currently stayed.

5

4. The Parties will work in good faith to attempt to agree to reasonable attorneys' fees related to Plaintiffs' Motion for Sanctions. If these attempts fail, Plaintiffs may file a petition for attorneys' fees related to bringing the Motion for Sanctions. Humana will not oppose Plaintiffs' right to some amount of fees, but may oppose other aspects of Plaintiffs' petition for attorneys' fees including the hours expended and/or the rates charged.

Dkt. No. 186.

The court held another hearing with the parties on January 23, 2020 (the January 2020 hearing), to address the unresolved discovery issues and hear arguments on the motion for sanctions. At this hearing, the court directed Humana to proceed on its proposal to produce documents from 15 additional custodians to be chosen by Plaintiffs. *See* Dkt. No. 157 at 10. The court advised the parties that it would reserve consideration of whether to compel further production from additional custodians for the present order.

## ANALYSIS

Plaintiffs believe that Humana has engaged in discovery misconduct that warrants sanctions under Rules 26 and 37 of the Federal Rules of Civil Procedure. District courts have the power to impose sanctions that are "proportionate to the circumstances surrounding a party's failure to comply with discovery rules" or court orders regarding discovery. *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)); *see also Dotson v. Bravo*, 321 F.3d 663, 666–67 (7th Cir. 2003). Under the Rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). As a sanction for failing to comply with a court order regarding discovery, the court may order reasonable expenses and attorneys' fees and may also direct "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" or prohibit "the disobedient party from

6

supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii), (c)(1). In determining whether sanctions for discovery violations are appropriate, the court also weighs

> (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Plaintiffs assert that Humana has made material misstatements to the court and Plaintiffs regarding its production of policies and other documents containing relevant information about extra compensation for Collective Members. At the August 2019 hearing, the court directed Humana "to produce those documents concerning extra compensation both any policy or documents that describe what the compensation is for as well as directions to individual employees or supervisors of employees concerning extra compensation." Dkt. No. 167-1 at 9. In response, Humana claimed that "[a]ll the polices have been produced here." *Id.* at 10. The court emphasized that any showing to the contrary would result in sanctions against Humana. *Id.* At the January 2020 hearing, Plaintiffs presented what they believed to be "smoking gun" documents that demonstrate Humana made material misstatements regarding relevant information about extra compensation. One document, which Plaintiffs discovered among those produced after the court's entry of the Discovery Order, was titled "CM-UM – Weekend Staffing Policy and Processes" (the Weekend Staffing Policy). Dkt. No. 167-2; Dkt. No. 193, Ex. 5. It describes how certain employees can "receive a weekend stipend for weekend work" ($200 per day) and provides eligible employees with an additional day off during the week before or after their weekend work. Dkt. No. 167-2 at 6. Various emails also support Plaintiffs' contention that offers of additional pay for additional work were not uncommon.

7

To sanction Humana and resolve this discovery dispute, Plaintiffs propose that the court take as established for purposes of the action that all payments and offers of payments of extra compensation to Collective Members were made for performing work at particular times or for particular lengths of time and not for being on an on-call status. Humana denies that it has willfully abused the judicial process or acted in bad faith, but to resolve the discovery dispute has offered a set of stipulations that meet or surpass at least some of the relief Plaintiffs have requested.

Regardless of whether Humana willfully abused the judicial process or acted in bad faith, its evasive and incomplete disclosures to Plaintiffs' discovery requests warrant sanctions under Rule 37. Plaintiffs have shown that Humana's responses to Plaintiffs' discovery requests were not only false and misleading but were made without the exercise of the reasonable diligence the Rules require to ensure that the answers and responses provided were truthful and complete. Fed. R. Civ. P. 26(g). The only genuine question is what sanctions are appropriate. Although Plaintiffs have not accepted Humana's proposed stipulation, the court is satisfied that Humana's proposal sets forth a reasonable sanction and resolution of the related dispute. For example, Humana agrees to stipulate that

> All payments of extra compensation made to Plaintiffs identified in Supplemental Response to Interrogatory No. 5 coded as "bonus pay," "on call payments," "on call pay," and "weekend" were made to Collective Members for "performing work at particular times or for particular lengths of time." All unaccepted offers of extra compensation made to Collective Members were made to ask Plaintiffs to perform "work at particular times or for particular lengths of time" and not for Plaintiffs to be "on an on-call status."

Dkt. No. 186 at 4. Humana's proposed stipulation serves as a reasonable sanction for Humana's false and misleading responses to Plaintiffs' discovery requests. It also resolves the discovery dispute and obviates the need for further discovery on this issue. The court adopts Humana's stipulation regarding this issue.

8

What remains is the issue of identifying the plaintiffs who received offers of extra compensation. In the Discovery Order, Humana was directed to produce to Plaintiffs all documents from February 8, 2012, to March 3, 2018, that refer or relate to Humana's practices or policies regarding whether Collective Members are eligible for extra compensation for hours worked. "Documents responsive to this request include, but are not limited to, documents that describe what the extra compensation is for, as well as directions to individual employees or supervisors concerning any extra compensation. Emails to or from supervisors directing or concerning extra compensation are also included." Discovery Order ¶ 3(C). Humana was also directed to produce to Plaintiffs "any and all documents from February 8, 2012, to March 3, 2018, including but not limited to, policy statements, internal memoranda, correspondence, and emails, that use the term 'overtime,' 'forty hours,' or '40 hours' and relate or refer to any Collective Member." *Id.* ¶ 4.

Humana has requested relief from its obligations under paragraphs 3(C) and 4 of the Discovery Order. Humana asserts that searching the email files of all 202 class members and their supervisors is unreasonable and would be disproportionate to the needs of the case. Humana had searched the emails of 20 custodians, and it estimates that complete discovery on this issue would result in discovery costs of approximately $2,000,000. Dkt. No. 186. At the January 2020 hearing, the court directed Humana to conduct searches (with respect to its obligation to produce documents under paragraphs 3(C) and 4 of the Discovery Order) for 15 additional custodians chosen by Plaintiffs. Humana has thus been ordered to conduct an ESI document search with respect to 35 custodians to date. The court must now address whether further custodians are to be searched, whether Plaintiffs' proposed sanction is appropriate, and whether Humana deserves relief from its alleged ESI search burden on this issue.

9

In response to Humana's Request for Relief, Plaintiffs noted they would not object to relieving Humana of the burdens of complying with paragraphs 3(C) and 4 if the court accepts that certain documents that have been produced by Humana are representative proof for a portion of this collective action. Plaintiffs' proposal has three steps (the ESI Stipulation). First, the court must accept that documents produced for Class Members in the Acute Case Managers (ACM) and Senior Products (SP) departments—comprising approximately 79% of the class—are representative evidence for all UM nurses in these respective departments. Dkt. No. 166 at 25–26; Dkt. No. 181 at 32. Second, the court must conclude that "any and all offers of extra compensation" contained in these documents "are deemed to have been made to all Class Members" who worked in these respective departments at any time between February 8, 2012, and March 3, 2018, and that such offers reflect the relevant time period. Dkt. No. 166 at 24. Finally, Plaintiffs believe the court should direct Humana to "identify all Collective Members who worked as a UM nurse in either the ACM or SP department at any time between February 8, 2012 and March 3, 2018, as the payroll data showing departments that was produced to Plaintiffs does not cover the entire time period." *Id.*

Humana opposes the ESI Stipulation. It estimates that, while costing less than the $2,000,000 or more required for complete ESI production on this issue, it would still result in discovery costs exceeding $400,000. As a compromise, Humana proposes to stipulate that, with respect to Interrogatory No. 5, it would not use testimony or sworn statements to support or oppose (1) the reasons for any extra compensation, (2) the voluntary or mandatory nature of participation in any extra compensation, and (3) the hours that may or may not have been required to work to receive any extra compensation. Dkt. No. 186 at 5. In addition, Humana proposes that, to determine if unaccepted offers of extra compensation were made to Plaintiffs, Humana would issue

10

one agreed-upon interrogatory that would ask (1) if a plaintiff ever received an offer of extra compensation for performing work at particular times or for particular lengths of time, (2) approximately how many offers were made, and (3) whether the offers were made before, after, or both before and after December 20, 2014. *Id.* Humana contends that it will not use testimony or sworn statements to oppose a plaintiff's verified answers to the interrogatory. *Id.*

Again, the court finds that Humana's proposed stipulation constitutes an appropriate sanction and resolves the discovery dispute regarding the reason for, the voluntary nature of, and the hours that might have been required for extra compensation. Plaintiffs requested as a sanction that Humana be prohibited from supporting or opposing any issue related to extra compensation through testimony or sworn statements. Plaintiffs maintain that this proposed sanction is appropriate, given that Humana's witnesses have been proven to be unreliable on this issue. They assert that any evidence Humana wants to offer on this issue should come from documents created in the regular course of business. Dkt. No. 166 at 17. Plaintiffs' concerns are addressed in Humana's proposed stipulation and thus no further action is required. The parties will be granted additional time to complete remaining discovery. The court extends the discovery deadline to January 4, 2021. Humana's proposed stipulation also obviates the need for further costly ESI discovery on this issue and results in the production of discovery that is not unduly burdensome and is proportionate to the needs of the case. The court therefore adopts Humana's stipulation regarding this issue.

Finally, Plaintiffs assert that they are entitled to the payment of reasonable expenses, including attorneys' fees. This relief is appropriate under Rule 37(a)(5). Humana concedes that Plaintiffs are owed such fees and states that it will work in good faith with Plaintiffs' counsel to reach an agreement; if such attempts fail, Plaintiffs may petition the court on this matter. Dkt. No.

186 at 10. Accordingly, the court finds this proposal reasonable and hereby directs the parties to implement it as well.

For the reasons stated above, Plaintiffs' motion for sanctions (Dkt. No. 165) is **GRANTED-IN-PART** as provided herein.

**IT IS FURTHER ORDERED** that Humana's Request for Relief (Dkt. No. 157) is **GRANTED**.

**IT IS FURTHER ORDERED** that the discovery deadline is January 4, 2021, and dispositive motions are due February 3, 2021.

Dated at Green Bay, Wisconsin this 30th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge