UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CAROLYN JOYCE O'LEARY, individually
and on behalf of all others similarly situated,

        Plaintiff,

        v.        Case No. 17-C-1774

HUMANA INSURANCE COMPANY and
HUMANA INC.,

        Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Carolyn J. O'Leary, individually and on behalf of all others similarly situated, commenced this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, against Defendants Humana Insurance Company (HIC) and Humana Inc. on December 20, 2017. This matter comes before the court on Defendants' motion for a protective order seeking limitations on certain discovery requests made in Plaintiff's Sixth Set of Interrogatories and Sixth Set of Requests to Produce Documents issued July 23, 2020. In particular, Defendants move for a protective order forbidding in whole or in part Interrogatories 18 through 27, 29, and 30 from Plaintiff's Sixth Set of Interrogatories as well as Requests 41 and 42 from the corresponding Sixth Set of Requests to Produce Documents. Defendants maintain that Plaintiff's discovery requests can be broken down into three categories: (1) discovery related to subsidiaries of Humana or HIC and the employees of those subsidiaries; (2) discovery related to the *Killebrew* Lawsuit; and (3) discovery that seeks information about how the putative list was constructed. Defendants claim that the discovery is improper because it seeks information that is beyond the limited scope of the

current extended phase of discovery, not relevant to the claims and defenses in this case, and encompasses privileged attorney-client communications or protected attorney work product. Plaintiff claims that she should not be barred from obtaining this discovery. For the following reasons, Defendants' motion will be partially granted.

## ANALYSIS

Rule 26(c) authorizes a court "for good cause shown" to issue a protective order barring discovery "when justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking the protective order bears the burden of establishing why the order should be entered. *See Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1084 (7th Cir. 2015). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The court will address Defendants' challenges in turn.

**A. Discovery related to Defendants' subsidiaries and the employees of those subsidiaries**

Defendants assert that a protective order is necessary because Plaintiff is attempting to obtain discovery that is irrelevant to any claim or theory in this case. The requested discovery seeks information related to subsidiaries of Defendants that employed utilization management (UM) nurses. Plaintiff argues that the information regarding Humana's employment relationship with missing UM nurses is relevant to pursue a theory of joint-employer liability. Defendants deny that they are joint employers of UM nurses at their non-defendant subsidiaries and affiliates and assert that information about Defendants' subsidiaries is irrelevant because Plaintiff did not put Defendants on notice that she was pursuing an unpleaded theory of joint-employer liability.

2

Plaintiff alleged in her complaint that Humana and HIC operated a willful scheme to deprive their clinical nurse advisors and other similarly-situated employees of overtime compensation by classifying them as exempt under the FLSA and paying them a straight salary with no overtime. On June 12, 2018, the parties stipulated to conditionally certify a collective action pursuant to Section 16(b) of the FLSA. Dkt. No. 22. The court approved the stipulation and ordered that a collective action be conditionally certified under 29 U.S.C. § 216(b) to include:

> All persons who were classified as exempt under the FLSA and worked as clinical nurse advisors for Defendants in the roles of Clinical Intake, Clinical Claims Review, Clinical Claims Review—DME, Acute Case Managers, or Market Clinical—Senior Products utilization management nurses, at any time within the three years prior to the date the Court approves this Stipulation.

Dkt. No. 23. Defendants assert that Plaintiff "has repeatedly defined 'Defendants' to mean only 'Humana Inc. and Humana Insurance Company,' without even a hint that this definition might extend by implication to some or all of the 120 Humana Inc. subsidiaries whose names were publicly available to Plaintiff before she filed suit." Dkt. No. 234 at 2. They maintain that it is improper to attempt to expand the class and scope of the lawsuit when Plaintiff did not plead a joint-employer theory of liability in the complaint.

Rule 26 of the Federal Rules of Civil Procedure states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 allows the court to "confine discovery to the claims and defenses in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendment.

The discovery requests at issue do not identify relevant information that relates to the claims asserted in the pleadings. Plaintiff asserts that this discovery is proper because Defendants

3

employed the UM nurses, even if jointly with another non-defendant subsidiary, and that the difference between employing and jointly employing a nurse is a "manufactured distinction" with no bearing on discovery. Dkt. No. 236 at 4. But Plaintiff cannot proceed on claims that are not asserted in her complaint. Indeed, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To proceed under a joint-employer theory of liability, a plaintiff must allege facts regarding which particular entity or entities controlled her working conditions. *See Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008). Plaintiff's complaint does not plead or mention a joint-employer theory of liability, and Plaintiff does not allege any facts that would support the inference that a joint-employer relationship existed. Although Plaintiff identified Defendants as employers in her complaint, she was required to identify and differentiate against the primary, direct employer and the alleged indirect employer and plead facts giving rise to the inference of joint control. *See Boyce v. SSP Am. MDW, LLC*, No. 19-cv-2157, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) ("Most of Boyce's allegations refer generally to 'Defendants,' which he defines to include both MDW and SSP, but such vague and undifferentiated allegations are not sufficient to establish a joint-employer relationship."). The only way Plaintiff can insert a theory in her case is by pleading it in her complaint. Because Plaintiff's complaint does not contain allegations from which the court can infer that a joint-employer relationship existed, any discovery related to Defendants' subsidiaries is irrelevant.

In addition, the discovery requests are untimely. Plaintiff has known that Defendants dispute that employees of Humana's non-defendant subsidiaries were putative collective members since September 2018, when Defendants alerted Plaintiff that UM nurses employed at other entities "do not fit within the collective action definition," Dkt. No. 70-18 at 7, or as recently as

4

February 2019, when Defendants objected that Rule 30(b)(6) testimony about the putative collective list was limited to the two defendants and not about any other entity's employment of nurses. For these reasons, Plaintiff is barred from obtaining discovery related to Defendants' subsidiaries and the employees of those subsidiaries.

**B. Discovery related to the *Killebrew* Lawsuit**

Plaintiff seeks discovery related to the names of the individuals on the putative collective list from a lawsuit filed in December 2016 in a federal court in Texas by Arian Killebrew. *See Killebrew v. Humana Inc.*, No. 5:16-cv-01276 (W.D. Tex.). Defendants assert that the interrogatory pertaining to the *Killebrew* lawsuit is not based on new or corrected information. Plaintiff's Interrogatory 26 states, "Identify the 282 UM nurses who were mailed in October 2017 notices and consents to opt into Killebrew v. Humana Inc., Civil Action No. 5:16-cv-01276 (W.D. Tex., San Antonio Div.), as described in the May 29, 2018 email from Jim Coleman to Betty Eberle." Dkt. No. 228-2 at 4. Defendants assert that this information is irrelevant to Plaintiff's claims because she agreed that the individuals on the *Killebrew* putative list are not part of the putative collective or eligible to assert a claim here. Plaintiff counters that the list is relevant so she can verify that the 282 excluded UM nurses are actually part of the *Killibrew* putative list. She explains that, when she questioned why four missing UM nurses were missing from the list, Defendants' counsel wrote that "the four ACMs in question were not only on the Killebrew list, but all four opted into the Killebrew case." Dkt. No. 232-16 at 2. Plaintiff then reviewed the consent forms filed in that case and determined Defendants' claim was untrue. Defendants then asserted that, although they were incorrect about the UM nurses opting into the *Killebrew* case, the four nurses were on the *Killebrew* list. Dkt. No. 231 at 28. Plaintiff asserts that, because Defendants' first assertion was incorrect, she should be able to verify which nurses are on the

5

*Killibrew* list. Given the confusion Defendants created regarding whether certain UM nurses were on the *Killibrew* list, Defendants must produce the list to Plaintiff so that she can determine whether an omitted UM Nurse was properly excluded due to the agreed-to *Killebrew* exclusion or was improperly omitted.

**C. Discovery that seeks information about how the putative list was constructed**

Interrogatory 27 and Document Requests 41 and 42 ask how Defendants constructed the putative class list in this case. Defendants assert that they have provided responses to Interrogatory 27 and request that the discovery requests "be forbidden to the extent that they seek privileged and protected information." Dkt. No. 228 at 22. To the extent Plaintiff is seeking information that is privileged and protected, Defendants' motion will be granted. However, Defendant must provide all information about the construction of the putative class list that is not based on attorney-client privilege.

**CONCLUSION**

For these reasons, Defendants' motion for a protective order (Dkt. No. 228) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff is barred from obtaining discovery related to Defendants' subsidiaries and the employees of those subsidiaries and information that is privileged and protected by attorney-client privilege. Plaintiff's motion for leave to file a sur-reply (Dkt. No. 236) is **GRANTED**. The Clerk is directed to detach and e-file Plaintiff's sur-reply (Dkt. No. 236-1). Plaintiff's request for fees is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge