UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROLYN J. O'LEARY,

    Plaintiff,

v.                                                       Case No. 17-C-1774

HUMANA INSURANCE COMPANY and
HUMANA INC.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's motions for leave to file the consent forms of Jennifer Bobbitt and Sandra Young. Plaintiff also requests equitable tolling of Bobbitt and Young's claims. The Court will address each motion in turn.

Plaintiff asserts that, although Bobbitt was on the original putative class list, good cause exists for her failure to file her consent form during the original opt-in period. She explains that, during the original opt-in period, Bobbitt was bed-ridden with spinal fluid leaks and was unable to join the lawsuit at that time. Bobbitt contacted Plaintiffs' counsel and submitted her completed consent form after she was contacted by a former co-worker who recently received a notice. Defendants do not oppose Plaintiff's motion for leave to file a consent form for Bobbitt or the request for equitable tolling. Therefore, Plaintiff's motion for leave to file Jennifer Bobbitt's consent form and for equitable tolling is granted.

Plaintiff asserts that Young was not included on the putative class list in this case and heard of this lawsuit in March 2021 from a former Humana co-worker who had received a notice. She contends that, although Young's W-2s list her employer as Humana Health Plan of Texas Inc.,

Young "understood" that Humana Inc. was her employer. Dkt. No. 283 at 2. Plaintiff claims Young fits within the class definition because "she was a nurse employed by Defendants performing utilization management during the relevant time period for this case." *Id.*

Defendants argue that Plaintiff is attempting to improperly expand the scope of the case by including individuals who worked for a non-defendant subsidiary of Humana Inc. instead of one of the named Defendants. Plaintiff's motion appears to be an attempt to circumvent the Court's previous ruling barring Plaintiff from expanding the class and scope of the lawsuit by obtaining discovery related to Defendants' subsidiaries. Dkt. Nos. 253 & 273. The Court certified a class that includes "[a]ll persons who were classified as exempt under the FLSA and worked as clinical nurse advisors for *Defendants* in the roles of Clinical Intake, Clinical Claims Review, Clinical Claims Review—DME, Acute Case Managers, or Market Clinical—Senior Products utilization management nurses." Dkt. No. 23 (emphasis added). Stated differently, any individual employed by a non-defendant Humana Inc. subsidiary who seeks to hold either Defendant liable as his or her employer is outside the scope of the collective definition.

Although Plaintiff asserts that Young believed she was employed by Humana, she concedes that the employer listed on her W-2s was Humana Health Plan of Texas, Inc., a non-defendant subsidiary of Humana. Because Young worked for Humana Health Plan of Texas and not either Defendant, she does not fall within the collective definition and cannot file a consent form to join this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file Jennifer Bobbitt's consent form and for equitable tolling (Dkt. No. 281) is **GRANTED**. The Clerk is directed to detach and e-file Jennifer Bobbitt's Consent Form (Dkt. No. 281-1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file Sandra Young's consent form and for equitable tolling (Dkt. No. 283) is **DENIED**.

Dated at Green Bay, Wisconsin this 7th day of April, 2021.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge