UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CAROLYN J. O'LEARY, individually
and on behalf of all other similarly
situated individuals,

     Plaintiff,

v.                            Case No. 1:17-cv-01774-WCG

HUMANA INSURANCE COMPANY and
HUMANA INC.,

     Defendants.

_____

**STIPULATION OF SETTLEMENT AND RELEASE**
_____

Subject to the approval of the United States District Court for the Eastern District of Wisconsin ("Court"), and pursuant to 29 U.S.C. § 216(b) of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Parties, by and through their counsel, agree to the following Stipulation of Settlement and Release ("Stipulation of Settlement" or "Agreement").

**RECITALS**

WHEREAS, O'Leary filed claims against Humana Insurance Company and Humana Inc. ("Defendants" or "Humana"), in the above-captioned action (the "Action") on behalf of herself and those similarly situated, alleging misclassification of employees and a lack of overtime payments in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Humana denies the allegations in O'Leary's complaint and denies liability and violations of the FLSA;

1

WHEREAS, after the Action was filed, the Parties stipulated to conditional certification on June 12, 2018 (ECF No. 22), which the Court approved on June 14, 2018 (ECF No. 23), after which Plaintiffs' Counsel sent out the Court-approved Notice to the putative collective members;

WHEREAS, during the litigation, the Parties identified additional members of the putative collective who did not receive notice during the original notice period;

WHEREAS, Plaintiffs moved the Court to approve notice to newly-identified collective members, which the Court granted in part on December 9, 2020 (ECF No. 252), after which Plaintiffs' Counsel sent out the Court approved Notice to the supplemental putative collective members;

WHEREAS, 218 Plaintiffs have opted into and remain in the case as a result of these two notice periods;

WHEREAS, the Parties disagree as to whether or not three individuals who worked as UM Trainers are eligible class members but agreed they should also receive notice to participate in the settlement of the Action, and two of them opted in as of the execution of this Stipulation of Settlement;

WHEREAS, the Parties engaged in voluminous and detailed discovery, including the exchange of payroll data, computer use data, and ESI, as well as extensive depositions;

WHEREAS, the Parties met with a neutral mediator on December 12, 2018 and continued, on and off, to negotiate through the neutral mediator throughout the litigation;

WHEREAS, on May 17, 2021, the Parties engaged a new mediator and exchanged multiple proposals through the mediator, leading to execution of a Term Sheet to settle the claims of the 218 Plaintiffs and the three UM Trainers, signed by both Parties on June 18, 2021;

WHEREAS, the Parties desire to fully and finally resolve the Action and avoid the costs, risks, and delays associated with continued litigation, trial and appeals;

2

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

## 1. <u>DEFINITIONS</u>

For purposes of this Stipulation of Settlement, the following definitions shall apply, in addition to the definitions set forth in other sections of this Stipulation of Settlement:

A.      "Defendants" or "Humana" shall mean and refer to Defendants Humana Inc. and Humana Insurance Company.

B.      "Action" shall mean and refer to the action entitled *O'Leary v. Humana Insurance Company*, Case No. 1:17-cv-01774-WCG pending in the United States District Court for the Eastern District of Wisconsin.

C.      "Court" means the United States District Court for the Eastern District of Wisconsin.

D.      "Named Plaintiff" means Carolyn O'Leary.

E.      "Plaintiffs" shall mean the 218 individuals who filed consent forms with the Court requesting to participate in the Action, who remain opted into this action at the time of the execution of this Stipulation of Settlement.

F.      "UM Trainers" shall mean three (3) individuals, Sandra Mizzi, Zamilla Shante Pinkney-Taylor, and Julie Ann Juers.

G.     "Settling Plaintiffs" shall mean all Plaintiffs who have filed consents to opt in and have not withdrawn the same, and the two UM Trainers who opted into this Action by signing and returning a consent and release form, namely, Sandra Mizzi and Zamilla Shante Pinkney-Taylor. The names and employee identification numbers of the Settling Plaintiffs are listed on Exhibit A.  The Settling Plaintiffs shall also include UM Trainer Julie Ann Juers, if she opts into this Action by signing and returning a consent and release form on or before September 13, 2021.  Settling Plaintiffs agree to be bound by the decisions of the Named Plaintiff.

H.     "Parties" shall mean Defendants and the Named Plaintiff acting on behalf of all Settling Plaintiffs.

I.     "Plaintiffs' Counsel" shall mean the law firm of Miner Barnhill & Galland, P.C.

J.     "Defendants' Counsel" shall mean the law firms of Eimer Stahl LLP and Constangy, Brooks, Smith and Prophete, LLP.

K.     "Settlement Effective Date" shall mean the date upon which the Court enters an Order granting final approval of the Stipulation of Settlement and dismissing the Action with prejudice, and the 30-day appeals period applicable to such Order has expired without any appeals having been filed.

L.     "Released Claims" has the meaning set forth in Section 4, *infra*.

M.     "Released Parties" means Humana Inc. and Humana Insurance Company, together with their owners, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, attorneys, agents, and representatives.

7598288v.1

N. "Settlement Administrator" shall mean a settlement administration company retained by the Defendants at Defendants' expense, with the approval of Plaintiffs' Counsel, to handle the administrative tasks associated with the administration of this settlement, including the actions set out in Section 9, *infra*.

O. "Qualified Settlement Fund" shall mean an entity as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq*.

2. **SETTLEMENT AMOUNTS**

A. *Damages Settlement Amount*: In consideration for the actions, promises and mutual covenants and releases described herein, Defendants agree to pay the total sum of Seven Million Nine Hundred Ninety Thousand and Forty-Nine Dollars and seventy-nine cents ($7,990,049.79) to resolve the Released Claims as described in Section 4, *infra*, of all Plaintiffs and of UM Trainers Sandra Mizzi and Zamilla Shante Pinkney-Taylor. In consideration for the actions, promises and mutual covenants and releases described herein, the additional sum of Thirty-Six Thousand Three Hundred and Eighteen Dollars and forty-one cents ($36,318.41) shall be paid by Defendants if UM Trainer Julie Ann Juers opts into the settlement of this Action to resolve her Released Claims as described in Section 4, *infra*. The total amount paid by Defendants to all Settling Plaintiffs in consideration for the actions, promises and mutual covenants and releases described herein (the "Damages Settlement Amount") shall be a minimum of Seven Million Nine Hundred Ninety Thousand and Forty-Nine Dollars and seventy-nine cents ($7,990,049.79) and a maximum of Eight Million Twenty-Six Thousand Three Hundred and Sixty Eight Dollars and twenty cents ($8,026,368.20), depending on whether UM Trainer Julie Ann Juers opts into the settlement of this Action.

B. *Employer's Share of Payroll Taxes and Settlement Administrator Fees*: Defendants shall in addition be responsible for payment of the employer's share of payroll taxes resulting from payments to Settling Plaintiffs of that portion of the Damages Settlement Amount allocated to wages pursuant to Section 8, *infra*, and for payment of the fees and

expenses of a Settlement Administrator to be selected by Defendant with the approval of Plaintiffs' Counsel.

C. *Attorneys' Fees Amount*: Separate and apart from the Damages Settlement Amount, payroll taxes and administration fees and expenses, Defendants will pay Three Million One Hundred and Thirty-Seven Thousand Five Hundred Dollars and zero cents ($3,137,500.00) to Plaintiffs' Counsel as attorneys' fees and costs associated with this Action ("Attorneys' Fees Amount"). The payment of this sum shall extinguish all Settling Plaintiffs' claims for attorneys' fees and costs through final Court approval of the settlement and dismissal of the Action with prejudice as to each Settling Plaintiff.

3. **NO ADMISSION OF LIABILITY; INADMISSIBILITY OF THIS AGREEMENT**

A. Nothing contained in this Stipulation of Settlement shall be construed as or deemed an admission of liability, damages, culpability, negligence, wrongdoing, or other unlawful behavior on the part of Defendants. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.

B. This Stipulation of Settlement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances. The Parties further acknowledge and agree that neither this Stipulation of Settlement nor the settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, including Defendants. Neither this Stipulation of Settlement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Stipulation of Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and this Stipulation of Settlement and everything in it shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

6

## 4.  **RELEASE**

A.  Settling Plaintiffs' Release of Claims:

In exchange for Humana's payment of the Settlement Amounts set forth in Section 2, above, each and every Settling Plaintiff, on behalf of his/her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases and covenants not to sue Released Parties from/for all wage and hour claims based on actions through March 3, 2018 that were alleged, or could have been alleged, under the operative complaint in the Action. These claims include but are not limited to the FLSA claims asserted under the alleged facts of the operative complaint and all state law claims that could have been asserted under the alleged facts of the operative complaint.

B.  Additional Release of Claims by Named Plaintiff:

In exchange for the consideration provided to her under this Stipulation of Settlement, and in addition to the Release of Claims set forth in Section 4(A), above, the Named Plaintiff, on behalf of her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases and covenants not to sue Released Parties from/for all wage and hour claims, whether under the FLSA or other federal law, state law, local law or common law, known or unknown, based on actions from March 3, 2018 to the date that the Named Plaintiff executes this Agreement.

C.  Settlement Check Language:

The following language shall be printed on the back of each settlement check issued to each Settling Plaintiff: "On behalf of my heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, I hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully release and covenant not to sue Humana Inc. or Humana Insurance

7

Company (or their owners, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, agents, and representatives) from/for all wage and hour claims based on actions through March 3, 2018 that were alleged, or could have been alleged, under the operative complaint in the Action captioned *Carolyn J. O'Leary v. Humana Insurance Company and Humana Inc.*, Case No. 1:17-cv-01774-WCG (E.D. Wis.). These claims include but are not limited to the FLSA claims asserted under the alleged facts of the operative complaint and all state law claims that could have been asserted under the alleged facts of the operative complaint."

## 5. PLAINTIFFS' ATTORNEYS' FEES AND LITIGATION COSTS

Defendant will not oppose Plaintiffs' Counsel's application to the Court for approval of attorneys' fees and litigation costs in the amount set forth in Section 2(C) above.

## 6. INDIVIDUAL SETTLEMENT AMOUNT TO EACH SETTLING PLAINTIFF

Plaintiffs' Counsel will have sole discretion in allocating the Damages Settlement Amount among the Settling Plaintiffs, including (subject to the Court's approval) reasonable service awards for the Named Plaintiff and 10 Settling Plaintiffs who provided testimony supporting the Action ("Service Awards"), so long as all claims for all Settling Plaintiffs are extinguished as a result of the settlement. In relation to the allocation of funds, if Plaintiffs' Counsel encounters a discrepancy regarding the relevant employment dates of a Settling Plaintiff, Defendants will cooperate in resolving the discrepancy by providing a business record(s) confirming relevant dates of employment.

## 7. COOPERATION IN SUBSTITUTION FOR DECEASED SETTLING PLAINTIFFS

Humana will not oppose any motion to substitute proper parties for any Settling Plaintiffs discovered to be deceased.

7598288v.1

8. **PAYMENT TO SETTLING PLAINTIFFS; TAXATION AND NO TAX ADVICE**

A. Each Settling Plaintiff will receive a single settlement check. With the exception of Service Awards, half of the settlement check shall be allocated to wages (and payroll and income taxes will be withheld from this amount, which payment will be reported on an IRS Form W-2) and the other half shall be allocated to liquidated damages under the FLSA (and payroll and income taxes will not be withheld from this amount, which payment will be reported on an IRS Form 1099, if required by law). The portion of a settlement check representing a Service Award will be allocated to wages (and payroll and income taxes will be withheld from this amount, which payment will be reported on an IRS Form W-2).

B. Each Settling Plaintiff shall assume the responsibility of obtaining his/her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he/she receives or obtains pursuant to this Stipulation of Settlement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under this Stipulation of Settlement, without any contribution whatsoever from the Released Party or Plaintiffs' Counsel. Nothing in this Stipulation of Settlement shall be construed as Defendants' or Plaintiffs' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in any portion of this Stipulation of Settlement.

C. Plaintiffs' Counsel shall assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law related to the payment for attorneys' fees and costs it receives under this Stipulation of Settlement, without any contribution whatsoever from the Released Parties. Nothing in this Stipulation of Settlement shall be construed as Defendants providing any advice regarding

9

the reporting or payment of taxes or the tax consequences of the attorneys' fees and costs payment received by Plaintiffs' Counsel pursuant to this Stipulation of Settlement.

9. **SETTLEMENT ADMINISTRATOR'S RESPONSIBILITIES**

A. A Settlement Administrator shall be selected by Defendants, with the approval of Plaintiffs' Counsel, to administer the settlement payments and perform related actions provided for under this Stipulation of Settlement. Specifically, the Settlement Administrator shall be responsible for: (a) determining and finalizing the tax withholding amounts on the wage portions thereof; (b) preparing, printing and disseminating the settlement checks to the Settling Plaintiffs through the U.S. Mail; (c) calculating and paying all employer-side payroll taxes (and invoicing the Defendants for the same) and deducting and paying employee-side payroll tax obligations arising from Individual Settlement Amounts paid in accordance with this Stipulation of Settlement; (d) issuing required IRS Forms W-2 and 1099 for amounts paid to Settling Plaintiffs; (e) promptly responding to inquiries of Plaintiffs' or Defendant's Counsel; (f) promptly apprising counsel for the Parties of the activities of the Settlement Administrator upon request; (g) maintaining adequate records of its activities, including the date of the mailing of the settlement checks; (h) confirming in writing to Plaintiffs' and Defendants' Counsel its completion of the administration of the settlement and retaining copies of all endorsed settlement checks; (i) maintaining the strict confidentiality of this Agreement, the terms thereof, and all payments made hereunder; (j) providing all accountings required by this Agreement; (k) establishing and administering the Qualified Settlement Fund per the provisions of the Internal Revenue Code; (l) performing skip traces or other reasonable means to locate missing Settling Plaintiffs (e.g., Settling Plaintiffs who Plaintiffs' Counsel are not able to locate and whose checks are returned undeliverable or not negotiated within 30 days of the expiration of the check), and (m) such other tasks as the Parties mutually agree and assign.

B. The Settlement Administrator shall serve as Trustee of the Damages Settlement Amount and the Attorneys' Fees Amount and shall act as a fiduciary with respect to the handling, management, and distribution of the same, including the handling of tax-

7598288v.1

related issues and payments.  The Settlement Administrator shall act in a manner necessary to qualify the Damages Settlement Amount and the Attorneys' Fees Amount as a Qualified Settlement Fund under the law and to maintain that qualification at all times.  The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Parties agree to any relation-back election required to treat the Damages Settlement Amount and the Attorneys' Fees Amount as a Qualified Settlement Fund from the earliest possible date.

C.      The Settlement Administrator shall indemnify the Parties for any penalty or interest arising out of an incorrect calculation or late deposit of any taxes due by the Qualified Settlement Fund, or any other obligation of the Settlement Administrator provided for in this Stipulation of Settlement.

10.     **SETTLEMENT PAYMENT AND DISTRIBUTION OF CHECKS**

A.      Plaintiffs' Counsel will provide the Settlement Administrator with an Excel spreadsheet that contains, for each Settling Plaintiff, an Employee ID, name, mailing address, and the amount of the Damages Settlement Amount allocated to each individual Settling Plaintiff (the "Individual Settlement Amounts Spreadsheet").

B.      Within five (5) business days after the Settlement Effective Date, Defendants shall wire the Damages Settlement Amount and the Attorneys' Fees Amount to the Settlement Administrator to be held in a Qualified Settlement Fund pending distribution of the funds by the Settlement Administrator in accordance with this Stipulation of Settlement and a court's order approving the same.

C.      Within two (2) business days of the Settlement Effective Date, Plaintiffs' Counsel shall furnish to the Settlement Administrator wiring instructions and a properly completed and signed IRS Form W-9.  Upon receipt of the Attorneys' Fees Amount from Defendants, the Settlement Administrator shall wire the Attorneys' Fees Amount to Plaintiffs' Counsel Miner Barnhill & Galland, P.C.  The Settlement Administrator will issue

7598288v.1

Miner Barnhill & Galland, P.C. an IRS Form 1099 for the attorneys' fees and litigation costs and expenses.

D.     Upon receipt of the Damages Settlement Amount from Humana or within ten (10) calendar days of receipt of the Individual Settlement Amounts Spreadsheet from Plaintiffs' Counsel, whichever is later (the "Check Mailing Date"), the Settlement Administrator shall mail settlement checks to the Settling Plaintiffs for their Individual Settlement Amounts.  If the name and/or address of a party being substituted for a deceased Settling Plaintiff is not yet available by the Check Mailing Date, the other checks will be mailed on the Check Mailing Date and any remaining checks when the information becomes available.

E.     The settlement checks shall indicate on their face that they will be void after one hundred and twenty (120) days from issuance.  Accordingly, Settling Plaintiffs shall have one hundred and twenty (120) days from check issuance to cash, deposit, or otherwise negotiate each of their settlement checks.   The Settlement Administrator shall provide Plaintiffs' Counsel with a list of the Settling Plaintiffs who have not cashed their checks thirty (30) days prior to the expiration of this 120-day period so that Plaintiffs' Counsel can attempt to communicate a reminder to those Settling Plaintiffs.  Settlement checks that have not been cashed, deposited, or otherwise negotiated within 120 calendar days of issuance shall become null and void; however, if a Settling Plaintiff, within sixty (60) days of the expiration date, demonstrates to the satisfaction of either Defendants or mediator Bill Baten that there was good cause for failure to negotiate the check, a replacement check will be issued, which the Settling Plaintiff will have thirty (30) days to negotiate.

F.     If any settlement checks are not ultimately negotiated, subject to Plaintiffs' counsel's ethical duties to the Settling Plaintiffs, the Settlement Administrator will distribute the unclaimed funds from the Damages Settlement Amount to a *cy pres* recipient organization selected jointly by the Parties.

## 11.    REASONABLE COMPROMISE OF BONA FIDE DISPUTE

The Parties agree that the terms of this Stipulation of Settlement represent a reasonable compromise of disputed issues arising from a bona fide dispute over the requirements of the FLSA and agree to represent the same to the Court.  The Parties further agree that the settlement is a fair, reasonable, and adequate resolution of Settling Plaintiffs' claims and is in the best interests of the Settling Plaintiffs.

## 12.    VOIDING THE AGREEMENT

In the event that the Court declines to approve this Stipulation of Settlement or any material part of it, then this Stipulation of Settlement shall be deemed null and void, of no force and effect, inadmissible as evidence and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.  However, in such an eventuality, the Parties will work cooperatively to address any concerns articulated by the Court.  If no agreement can be reached, Defendants will cease to have any obligation to pay or provide any portion of the Settlement Amounts set forth above and all Settling Plaintiffs will retain their claims.

## 13.    MUTUAL FULL COOPERATION AND NON-PUBLICITY

A.    Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement.

B.    The Parties and their attorneys agree not to contact the media about the settlement of the claims in this case, and if contacted by the media, the Parties and their attorneys will refer the media to the court filings.  Named Plaintiff and Plaintiffs' Counsel will neither encourage Settling Plaintiffs to speak to the media nor bar them from doing so.

C.    Plaintiffs' Counsel and Defendants' Counsel shall not provide information regarding the settlement of this matter, including but not limited to, the terms of this

7598288v.1

Settlement Agreement or Court Approval, to any third-party engaged in the business of providing public information about class action lawsuits or settlements including, but not limited to, topclassactions.com, classaction.com, classaction.org, consumer-action.org, or hustlermoneyblog.com, or link any document related to the settlement of this matter to any such online information source.

D. Plaintiffs' Counsel and Defendants' Counsel may post information related to this settlement on Counsels' law firm websites, but agree to share any such proposed posts in advance with Counsel for the other Parties. Counsel agree that their respective law firms will refrain from making any statements on their website that disparage or malign the other Parties, and further agree that to the extent there may be disagreement on the content of the proposed posts Counsel for Plaintiffs and Counsel for Defendants will present such disputes to mediator Bill Baten for final decision.

## 14. <u>COURT APPROVAL AND DISMISSAL WITH PREJUDICE</u>

A. No later than three weeks after the date on which this Stipulation of Settlement is fully executed, Plaintiffs' Counsel shall file an Unopposed Motion for Order Approving Settlement of Collective Action ("Unopposed Motion") and dismissal of the Action with prejudice. Plaintiffs' Counsel shall provide a draft of the Unopposed Motion to Defendant's Counsel for review and approval no later than two weeks after the date on which this Stipulation of Settlement is fully executed.

B. The Parties agree that the dismissal of this Action shall be **with prejudice** such that *res judicata* shall arise to the maximum extent permissible under the law, and that the Court's final Order of approval shall provide that the Release from each and every Settling Plaintiff, as described in Section 4, *supra,* shall be effective upon the mailing of their settlement check by the Settlement Administrator. The Court shall retain jurisdiction after dismissal of the matter to adjudicate the substitution of any Settling Plaintiffs discovered to have been deceased and to enforce the terms of this Stipulation of Settlement and decisions of mediator Bill Baten associated with the Settlement.

14

## 15. CONSTRUCTION

The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement. The Parties request that before declaring any provision of this Stipulation of Settlement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Stipulation of Settlement.

## 16. MEDIATION OF DISPUTES

Any dispute which may arise under this Stipulation of Settlement, including any dispute with respect to administration of the settlement benefits to Settling Plaintiffs, on which the Parties reach an impasse shall be submitted to Bill Baten for binding mediation. Any such dispute shall be submitted to mediation within seven (7) calendar days after one party notifies the other party of the dispute (or longer, if agreed), and Bill Baten shall have the authority to allocate the mediator's costs and fees of such mediation to either or both parties in his sole discretion.

## 17. CAPTIONS AND INTERPRETATIONS

Section titles or captions contained in this Stipulation of Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any of its provisions.

## 18. MODIFICATION

This Stipulation of Settlement may not be changed, altered, or modified, except in a writing signed by counsel for the Parties. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by

counsel for the Parties and approved by the Court. No rights under this Stipulation of Settlement may be waived except in writing signed by the counsel for the Parties.

## 19.    **INTEGRATION CLAUSE**

This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Stipulation of Settlement.

## 20.    **BINDING ON ASSIGNS**

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## 21.    **COUNTERPARTS & ELECTRONIC SIGNATURES**

This Stipulation of Settlement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement.  This Stipulation of Settlement may be executed by signatures that are transmitted electronically by facsimile or as .pdf attachments to email(s), which shall be deemed to be originals.

## 22.    **MISCELLANEOUS PROVISIONS**

A.    All of the Parties acknowledge that they have been represented by their own counsel throughout all negotiations that preceded the execution of this Stipulation of Settlement and that this Stipulation has been executed with the consent and advice of respective counsel.

16

B.      This Stipulation of Settlement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Stipulation, or any specific term or condition thereof.  The Parties participated in the negotiation and drafting of this Stipulation and had available to them the advice and assistance of independent counsel.  As such, neither the Plaintiffs nor Defendants may claim that any ambiguity in this Stipulation should be construed against the other.

C.      Except as expressly provided herein, this Stipulation has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms.  In entering into this Stipulation, the Parties agree that it is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

D.      Other than with regard to deceased Settling Plaintiffs, the Settling Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action, with the exception of Plaintiffs' Counsel.

E.      Except as otherwise specifically provided herein, the Settling Plaintiffs and Defendants shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of the Action and shall not seek reimbursement thereof from any party to this Stipulation.  However, in the event of any dispute to enforce the terms of this Stipulation, the prevailing party shall be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

F.      All Parties agree that they have signed this Stipulation, or authorized their counsel to sign this Stipulation on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.   Named Plaintiff and Counsel for Plaintiffs warrant

and represent, and Defendants acknowledge, that Named Plaintiff has full and complete settlement authority and full and complete authority to waive and release the claims Released in Section 4 on behalf of any and all Settlings Plaintiffs. Each of the Settling Plaintiffs has previously executed a Court-approved, written consent which provides:

> "I authorize the named Plaintiff to prosecute the above-referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, and understand I will be bound be such decisions."

In the event that prior to the Settlement Effective Date, ten (10) or more Settling Plaintiffs seek and, despite the Court's previous authorization of the above consent to be bound, obtain Court authorization to invalidate, revoke or withdraw their prior written authorization and consent for purposes of preserving their individual claims against the Defendants, then this Stipulation of Settlement shall be null and void. In the event that at least five (5) but fewer than ten (10) Settling Plaintiffs seek and obtain Court authorization to invalidate, revoke or withdraw their prior written authorization and consent, then the Damages Settlement Amount described in Section 2.A., above, shall be reduced by the individual settlement amount(s) that had been allocated under Section 6 to each of the withdrawing Plaintiffs, except no reductions will be made for the first four (4) withdrawing Plaintiffs.

G.     Plaintiffs' Counsel and Defendants' Counsel warrant and represent that they are expressly authorized by their clients to take all appropriate action required or permitted to be taken pursuant to this Stipulation in order to effectuate its terms

H.     Settling Plaintiffs' and Defendants shall each be responsible for paying fifty percent (50%) of the fees and expenses related to the mediation services provided by Mark Irvings and Bill Baten leading up to this execution of this Stipulation, with the exception of work performed by Mark Irvings in identifying potential putative class members who Humana alleged were sent a notice in the *Killebrew v. Humana* collective action. The payment for this work is the sole responsibility of Defendants.

23.    **APPLICABLE LAW**

   This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Wisconsin, to the extent federal law does not apply.

**IT IS SO STIPULATED.**

Dated: _____

_____
Carolyn J. O'Leary, Individually, and on behalf
of each Settling Plaintiff

Dated: _____

_____
Elizabeth J. Eberle, Counsel for Plaintiffs

Dated: 9/3/21          By: _____
                            Humana Inc. and Humana Insurance Company

Name: Elizabeth Monohan

Title: VP, Associate General Counsel,
       Litigation & Investigations

Dated: _____

_____
Scott C. Solberg, Counsel for Defendants

Dated: 9/7/2021

_____
James M. Coleman, Counsel for Defendants

7598288v.I

## 23. <u>APPLICABLE LAW</u>

This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Wisconsin, to the extent federal law does not apply.

**IT IS SO STIPULATED.**

Dated: _____

_____
Carolyn J. O'Leary, Individually, and on behalf of each Settling Plaintiff

Dated: _____

_____
Elizabeth J. Eberle, Counsel for Plaintiffs

Dated: _____    By:

_____
Humana Inc. and Humana Insurance Company

Name: _____

Title: _____

Dated: 9/7/2021

_____
Scott C. Solberg, Counsel for Defendants

Dated: _____

_____
James M. Coleman, Counsel for Defendants

7598288v.1

23. **APPLICABLE LAW**

This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Wisconsin, to the extent federal law does not apply.

**IT IS SO STIPULATED.**

Dated: 9/3/2021 _____

_Carolyn J. O'Leary_
Carolyn J. O'Leary, Individually, and on behalf of each Settling Plaintiff

Dated: _____

_____
Elizabeth J. Eberle, Counsel for Plaintiffs

Dated: _____     By: _____
Humana Inc. and Humana Insurance Company

Name: _____

Title: _____

Dated: _____

_____
Scott C. Solberg, Counsel for Defendants

Dated: _____

_____
James M. Coleman, Counsel for Defendants

19

7598288v.1

## 23.  APPLICABLE LAW

This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Wisconsin, to the extent federal law does not apply.

**IT IS SO STIPULATED.**

Dated: _____

_____
Carolyn J. O'Leary, Individually, and on behalf of each Settling Plaintiff

Dated: _9/7/2021_

_____
Elizabeth J. Eberle, Counsel for Plaintiffs

Dated: _____    By:    _____
Humana Inc. and Humana Insurance Company

Name: _____

Title: _____

Dated: _____

_____
Scott C. Solberg, Counsel for Defendants

Dated: _____

_____
James M. Coleman, Counsel for Defendants

7598288v.1